IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JAMES OTIS CATER | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-808-T |
| | (WO) |
| DEBORAH GRIFFIN, AUSA for the Southern District of Alabama | * |
| | * |
| Defendant. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil proceeding, James Cater, a federal inmate, challenges the conduct of a federal official in Mobile, Alabama, with respect to her action in filing a federal prosecution against him based on the same act and/or conduct made the subject of a previous State prosecution against Plaintiff. Specifically, Plaintiff complains that the named defendant failed to obtain the requisite approval for such action from the United States Department of Justice with regard to its Petite Policy and, thus, an appropriate policy statement was never made a part of his federal criminal record.[1] Plaintiff states that he requested in writing that Defendant take appropriate action regarding his concern over her failure to adhere to the Petite Policy. He complains, however, that Defendant failed to respond which prompted him to file the instant action.

---

[1] According to the complaint, the Petite Policy is designed to limit the exercise of power to bring successive prosecutions for the same offense.

Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## DISCUSSION

A civil action filed against a federal official "may . . . be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The sole individual listed as a defendant resides in the Southern District of Alabama. Moreover, it is clear from the factual allegations contained in the complaint that the actions about which Plaintiff complains, including the witnesses and documents associated with this matter, either reside in, and/or are located in, the Southern District of Alabama. Although Plaintiff is currently incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama, it is clear that the parties, witnesses and evidence associated with this case are located within the jurisdiction of the United States District Court for the Southern District of Alabama.

---

[2]Petitioner requests leave to proceed in this action *in forma pauperis*. (Doc. No. 2.) The assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama in accordance with 28 U.S.C. § 1915.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 13, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 30th day of August, 2005.

                                  **/s/ Delores R. Boyd**
                                  DELORES R. BOYD
                                  UNITED STATES MAGISTRATE JUDGE